**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**HOWARD LEE JUSTICE, JR.,**

       **Plaintiff,**

**v.**                           **Case No. 2:18-cv-01241**

**CHARLESTON AREA MEDICAL CENTER,**

       **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S ALLEGATIONS

On August 17, 2018, the plaintiff, who was then an inmate at the McDowell County Correctional Center, filed a Complaint (ECF No. 1) naming Charleston Area Medical Center as the sole defendant and alleging as follows:

> I was at Charleston Area Medical Center on Nov. 6, 2017. They put a needle in my arm and blew a vain [sic; vein] causing a blood infection. I had to have surgery do [sic; due] to this and hospitalized do [sic; due] to the infection. I went their [sic; there] over a seizure and all this surgery and blood infection and a hospitalization took place.

(ECF No. 1 at 4). The plaintiff seeks monetary damages in the amount of $250,000 for pain and suffering. (*Id*. at 5).

## **STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  However, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim.  Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).  Because it is apparent that this court lacks subject matter jurisdiction over this action, the defendant has not been served with process and should not be required to appear.

## **ANALYSIS**

The undersigned construes the plaintiff's Complaint to be asserting a claim of medical negligence against Charleston Area Medical Center ("CAMC"), a West Virginia corporation.  The plaintiff has not alleged a claim that would entitle him to relief under the United States Constitution or any federal statute and CAMC is not a state actor who can be sued under 42 U.S.C. § 1983.  Thus, the plaintiff has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331.  Nor can the plaintiff meet the requirements for diversity of citizenship jurisdiction, as both he and CAMC appear to be citizens of the State of West Virginia.  28 U.S.C. § 1332. Therefore, this court cannot review his state law negligence claim.

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks subject matter

jurisdiction over the plaintiff's claim against CAMC.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b)(2), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.


November 14, 2018

Dwane L. Tinsley
United States Magistrate Judge